

**FILED**

Jun 28, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANNE STRAWN,<br><br>Plaintiff,<br><br>JORD SONNEVELD,<br><br>Defendant. | Case No.   2:25-cv-1809 DAD DMC (PS)<br><br>COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND VIOLATION OF CIVIL RIGHTS<br><br>(42 U.S.C. § 1983; 18 U.S.C. § 2265; 28 U.S.C. § 1738A; 42 U.S.C. § 12132) |

COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND VIOLATION OF CIVIL RIGHTS

# I. INTRODUCTION

1. Plaintiff Melissa Anne Strawn brings this action under 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, the Violence Against Women Act (18 U.S.C. § 2265), the Parental Kidnapping Prevention Act (28 U.S.C. § 1738A), and the Americans with Disabilities Act (42 U.S.C. § 12132), seeking emergency injunctive relief against enforcement of a Washington State custody and property judgment obtained in violation of her federal constitutional and statutory rights.

2. On June 18, 2025, the Superior Court of King County, Washington, entered final orders granting Defendant Jord Sonneveld sole custody of Plaintiff's three minor children and directing the immediate forced sale of Plaintiff's California residence. These orders were entered without Plaintiff's participation in trial, despite the fact that she was medically incapacitated with pneumonia and mononucleosis, and had submitted multiple continuance requests supported by verified medical documentation. Defendant Jord Sonneveld, by and through his attorney of record, convinced the trial court that Plaintiff was "faking" her medical incapacity, and seized upon the opportunity to completely reverse the posture of the case, as it had stably been for 2 ½ years. Attached to this Complaint is the most recent letter from Plaintiff's MD, confirming her medical incapacity during the dates of trial. Plaintiff is prepared to submit all other proof and verification of her attempts at alerting the trial court to her medical incapacity.

3. Defendant Sonneveld obtained these final orders through fraudulent representations, including false claims regarding his status as a confirmed domestic violence perpetrator, his parenting history, and his financial status. The trial proceeded without Plaintiff's testimony or evidence, denying her meaningful access to the proceedings and violating her fundamental right to due process of law.

4. The Washington judgment also authorizes Defendant to enter Plaintiff's California residence, in direct violation of an active Domestic Violence Protection Order (DVPO) issued by King County, WA which prohibits Defendant from coming within 1,000 feet of Plaintiff's home. Plaintiff has had a final DVPO against Defendant since 11/29/2023, and it was granted after a full evidentiary hearing and after Plaintiff submitted over 100 pages of evidence, including photos of bruises, black eye, police reports, and eyewitness accounts. Plaintiff's DVPO was renewed on 12/06/2024 after the Court found that Plaintiff had not met his burden of showing a "substantial change," such that he would not continue to commit acts of domestic violence against Plaintiff. It was at this hearing that Defendant stated on the record that he wished to reconcile with Plaintiff. Upon Plaintiff refusing this advance, Defendant went "scorched earth" on Plaintiff and leveraged Plaintiff's medical incapacity, along with egregious fraud and deceit, to completely strip Plaintiff of everything at trial, including her home, her vehicle, and her children, whom she had had sole legal and physical custody of for more than 2 ½ years, and whom have been solely in her care since fleeing the abuse in August, 2022.

5. Plaintiff and the children have resided exclusively in Siskiyou County, California since 2022. Enforcement of the recently obtained Washington judgment in California would result in irreparable harm, including the involuntary separation of Plaintiff from her children, exposure to a confirmed abuser, and potential loss of her only home. Plaintiff's top priority is to protect the safety and wellbeing of the children from a confirmed abuser who has gone to such lengths as to fraudulently strip Plaintiff of her children and home.

6. Plaintiff seeks a temporary restraining order and preliminary injunction to stay enforcement of the Washington custody and property orders until her pending and forthcoming motions and recently filed appeal in Washington State are resolved.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and § 1651 (All Writs Act).

8.      Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district and Plaintiff and her children reside here.

## III. PARTIES

9.     Plaintiff Melissa Anne Strawn is a natural person residing in Weed, California (Siskiyou County), with her minor children. She is self-represented in this action and was self-represented in here WA dissolution case due to extensive financial abuse by Defendant.

10.    Defendant Jord Sonneveld is a natural person residing in Kirkland, Washington. He was the petitioner in the underlying dissolution and custody action in King County Superior Court, where he has been represented by aggressive counsel who drafted the final orders stripping Plaintiff of her children and home.

## IV. FACTUAL ALLEGATIONS

11.    Plaintiff and Defendant were parties to a dissolution proceeding in King County Superior Court, Case No. 22-3-05867-0 SEA.

12.    On November 29, 2023, under the Washington court entered a final Domestic Violence Protection Order (DVPO) under case number 23-2-13050-2 SEA, protecting Plaintiff and her children from Defendant, finding that he posed a credible threat of harm and had previously used a firearm in a felony act of domestic violence against Plaintiff. Prior to November, 2023, Plaintiff held a temporary DVPO from July 18, 2023, and she held a CA Domestic Violence Temporary Restraining Order (DVTRO) from November 19, 2022 through July 14, 2023, at which point the CA Superior Court determined it did not have the jurisdiction to enter a final order.

13.    The DVPO, which remains in effect, prohibits Defendant from contacting Plaintiff or coming within 1,000 feet of her home or person.

14.    Plaintiff relocated to California with her children in 2022 with the full knowledge and cooperation of Defendant, and Plaintiff and her children have resided continuously in Siskiyou County since then. The children are enrolled in school, receiving medical care, and have not had in-person contact with Defendant in nearly three years, with all in-person contact legally barred due to the seriousness of the domestic violence.

15.    Despite this, Defendant sought custody reversal through the dissolution proceeding and was granted trial in March–June 2025.

16.    Plaintiff was diagnosed with pneumonia, mononucleosis, and other disabling medical conditions and was medically incapacitated during trial. She submitted multiple motions to continue trial along with certified medical documentation from her physician confirming her inability to participate. Defendant misrepresented to the court that Plaintiff was "faking" her illness, and was exaggerating her disabilities, despite his full knowledge of Plaintiff's serious chronic health conditions.

17.     The King County court denied Plaintiff's continuance motions and held a contested multi-day trial without her on June 9th and 10th, relying solely on Defendant's testimony, much of which was demonstrably false and served the purpose of full case posture reversal despite 2 ½ years of evidence backed full participation by Plaintiff.

18.     On June 18, 2025, the court issued final orders that were drafted by Defendant's counsel, Kristofer Leavitt, granting sole custody to Defendant, directing Plaintiff to immediately surrender the children, ordering the sale of her California home, and allowing Defendant to enter her property to collect belongings. These final orders and the associated Parenting Plan do not take into consideration the children's needs, safety, or best interests, and do not account for the Parties' 8-year-old son's autism and separation anxiety, nor their 15-year-olds complete refusal to interact with Defendant. The Parties' 15-year-old son has threatened to run away if he were forced to have contact with Defendant, who has a documented history of neglect toward him in a prior dependency case where he lost custody of him for 10 months due to severe drug abuse.

19.     These orders conflict with the active DVPO, which has not been modified, stayed, or vacated.

20.     The King County judgment threatens irreparable harm to Plaintiff and her children, including:

- Violation of protective orders and deviation of the status quo;

- Emotional, psychological, and possibly physical harm to the children;

- Risk of immediate homelessness of Plaintiff while she is medically vulnerable;

- Loss of real property that is sole and separate and not within Washington's jurisdiction.

1.  Plaintiff has filed a Notice of Appeal and will be filing a Motion to Stay Enforcement of Final Orders Pending Appeal, and a Motion for New Trial and/or Reconsideration in King County Superior Court. No ruling has yet been issued on these forthcoming post-judgment orders and Plaintiff seeks this court's immediate intervention to prevent immediate and irreparable harm.

# V. CAUSES OF ACTION

Count I –

Violation of Procedural Due Process

(42 U.S.C. § 1983; 14th Amendment)

22. Defendant acted under color of state law to obtain an order depriving Plaintiff of her children and property without meaningful opportunity to be heard.

23. Plaintiff was medically unable to appear, and the state court disregarded this, proceeding with trial and issuing judgment in violation of due process.

Count II –

Violation of the Violence Against Women Act (VAWA)

(18 U.S.C. § 2265)

1. The judgment authorizes Defendant to enter Plaintiff's residence despite the ongoing DVPO, violating full faith and credit provisions under VAWA.

Count III –

Violation of the Parental Kidnapping Prevention Act (PKPA)

(28 U.S.C. § 1738A)

1. The judgment was issued in disregard of Plaintiff's long-standing custody and sole care of the children in California and is being used to remove children across state lines based on false claims.

Count IV –

Violation of the Americans with Disabilities Act (ADA)

(42 U.S.C. § 12132)

1. Plaintiff was denied accommodations for her documented disabilities during trial and was effectively excluded from the proceedings based on her medical condition.

Count V –

Deprivation of Property Without Due Process

(42 U.S.C. § 1983; 14th Amendment)

27. The judgment orders Plaintiff to sell her California home, which is recorded as her sole and separate property acquired after separation.

28. Plaintiff had no opportunity to object due to medical incapacity, and the court lacked jurisdiction over California real property.

29. The judgment further allows Defendant to enter her residence, again in violation of the DVPO and her right to property and privacy.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:

1. An immediate Temporary Restraining Order and subsequent Preliminary Injunction prohibiting Defendant from enforcing any portion of the June 18, 2025 Washington judgment, including:

    - Removal of the children from California,

    - Entry into Plaintiff's residence,

    - Enforcement of the property sale order.

2. A declaration that enforcement of the Washington judgment would violate Plaintiff's constitutional and statutory rights.

3. An order preserving the status quo pending outcome of state appellate proceedings.

4. Any additional relief the Court deems just and proper.

Request to Proceed Without Notice (FRCP 65(b)(1)(B))

Plaintiff respectfully requests that this Court issue a temporary restraining order without prior notice to Defendant pursuant to FRCP 65(b)(1), on the grounds that:

- Providing advance notice to Defendant Jord Sonneveld would create a substantial risk of irreparable harm, including immediate attempts to remove the children from California, interfere with Plaintiff's property, or retaliate against her.

- Defendant has a documented history of domestic violence, coercion, and abuse of court processes to harass Plaintiff, including fraudulently obtaining custody orders while Plaintiff was medically incapacitated.

- Defendant has not had any in-person contact with the children in nearly three years and has no current lawful right to remove them without enforcement of the disputed order.

- Plaintiff is in the process of pursuing relief through the Washington appellate courts and the California family court, and she respectfully seeks to preserve the status quo pending further review to prevent immediate and irreparable harm to the children and herself.

For these reasons, Plaintiff respectfully requests that the Court grant emergency relief without prior notice.

Respectfully submitted,

Dated: June 27, 2025

*[signature]*

Melissa Anne Strawn

Pro Se Plaintiff

17311 Henning Ct,

Weed, CA 96094

408-509-2871

formelissasemail@yahoo.com

Exhibit A – Most Recent Letter of Medical Incapacity



6/27/25

To whom it may concern:

This letter is written at the request of Ms. Melissa Strawn who is a patient of mine and is actively engaged in care. She has been a patient of mine since 4/12/24. I am a physician and board certified psychiatrist with the Mountain Valley Health Centers, which has clinics with the Weed Health Center along with Mt Shasta Health Center. Being part of the same clinic enables me to see her medical records and documentation by my college Joshua Kure, PA-C, who is her primary care provider.

I first saw her in April 2024 to clear her for her major abdominal surgery. She is very future-oriented during today's visit, very pleasant and cooperative. I would like to confirm the following information so that it may help Ms. Strawn being granted a new hearing. She was unable to attend previous court due to being physically ill and was medically excused. This is documented very clearly in our medical record.

I was scheduled to see her in March 2025, but this visit was cancelled due to her acute infection with infectious mononucleosis, and was later diagnosed with pneumonia and mono reactivation in June 2025. She also has had condition with blood sugar instability called nesidioblastosis, which is the result of her gastric bypass surgery. My colleague Joshua Kure has written multiple letters excusing Ms. Strawn from court hearings and other activities in March when she was diagnosed with mononucleosis, and also in June when she was diagnosed with pneumonia. These acute health issues (mononucleosis and pneumonia), coupled with her chronic health conditions (nesidioblastosis and peripheral polyneuropathy), cause her to be unable to attend to demanding appointments, hearings, and other activities in March, April, and June.

These conditions and the information above are documented extensively and clearly in her medical record. She has a good healthcare team to address her issues as they arise. Ms, Strawn is very much dedicated to her health and engaged in her health. She is truthful in her reporting of her health conditions. I have no immediate concerns about her mental health or any substance use.

Medical ~ Dental ~ Behavioral Health
Big Valley ~ Butte Valley ~ Burney ~ Fall River Valley ~ Mt. Shasta ~ Weed ~ Tulelake



Please do not hesitate to contact me with any further questions.

Sincerely,

Karndeep Samran, MD
Diplomate of American Board of Psychiatry and Neurology
Staff Physician
Mountain Valleys Health Centers

Exhibit B – Affidavit of Irreparable Harm

DECLARATION OF MELISSA ANNE STRAWN

Re: Irreparable Harm

I, Melissa Anne Strawn, declare:

If the Washington judgment is enforced before I am granted appellate relief, I and my children will suffer immediate, irreparable harm. This includes:

- The forced removal of my children from their stable, protective home of nearly 3 years;

- Exposure of the children to a known abuser with a history of violence, firearm-related threats, and psychological harm, and who obtained the orders in question with fraud and deceit while Plaintiff was medically incapacitated and vulnerable;

- Irreversible damage to the mental health and emotional stability of my 15-year-old son, who has stated he will run away if forced to move in with Defendant, and to my 8-year-old son, who is autistic, has been diagnosed with separation anxiety, and attends ABA therapy for his autism for two hours per day;

- The forced sale of my sole and separate home in California, where I currently reside, where the children are safe, and where my terminally ill father lives, at a time when I am still recovering from acute illness with mononucleosis and pneumonia and am especially medically vulnerable;

- Violation of my Domestic Violence Protection Order, exposing me to renewed fear and potential contact with my abuser, and putting my belongings at risk to someone who has already withheld all of my and the kids' possessions for nearly three years.

No monetary damages could repair the trauma or physical displacement that would result if the orders are enforced before legal review is complete and no monetary damages could repair the injury or loss of life that could result from a confirmed abuser gaining access to children on fraudulent and retaliatory grounds.

Executed this 27th day of June, 2025.

*[signature]*

Melissa Anne Strawn