FILED
Jun 28, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANNE STRAWN,<br>Plaintiff,<br>JORD SONNEVELD,<br>Defendant. | Case No. 2:25-cv-1809 DAD DMC (PS)<br>MOTION FOR TEMPORARY RESTRAINING ORDER<br>(Fed. R. Civ. P. 65(b)) |

MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Melissa Anne Strawn, pro se, respectfully moves this Court under Rule 65(b) of the Federal Rules of Civil Procedure for a Temporary Restraining Order (TRO) enjoining Defendant Jord Sonneveld from:

1. Enforcing any portion of the Washington State final judgment dated June 18, 2025, including:
    - Removing the minor children from California,
    - Entering Plaintiff's residence,
    - Forcing the sale of Plaintiff's home;
2. Contacting Plaintiff or coming within 1,000 feet of her or her residence, pursuant to the existing Washington Domestic Violence Protection Order.

# GROUNDS FOR RELIEF

Plaintiff satisfies the four elements for TRO relief:

## 1. Likelihood of Success on the Merits

- Plaintiff was denied access to her own trial in violation of due process.
- The judgment was based on fraudulent evidence and testimony.
- Enforcement would conflict with federal law, including VAWA, ADA, and due process protections.

## 2. Irreparable Harm

- Children may be removed from their custodial home and sent across state lines to a known abuser who just went to such lengths as to defraud the trial court at a time when Plaintiff was verifiably medically incapacitated.
- Plaintiff may lose her only residence at a time when she is especially medically vulnerable due to recent illness with pneumonia and mononucleosis.
- Plaintiff may be forced to violate her DVPO and hand her kids over to a known abuser or face arrest.

## 3. Balance of Equities

- Plaintiff seeks only to preserve the status quo of the past nearly three years while lawful remedies are pending. Plaintiff has had the children in her sole care and custody for nearly three years, and Defendant has been legally barred from seeing them in person for over 2 ½ years, due to the seriousness of his abuse against Plaintiff.
- Defendant faces no legal harm from delay—he has not seen the children in person in nearly three years and who has chosen to miss more than half of his supervised Zoom visitations since the beginning of the year. The home at issue is currently underwater and in foreclosure, and would result in no monetary benefit to either party. The sole purpose of Defendant's request for Plaintiff to sell her home was to make her homeless.

4. Public Interest

- The public has an interest in protecting due process, family integrity, and domestic violence survivors.
- California has a compelling interest in safeguarding children residing within its borders.

# REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order enjoining enforcement of the Washington final judgment;
2. Set a preliminary injunction hearing;
3. Preserve the status quo to prevent irreparable harm pending state appellate proceedings.

DECLARATION OF MELISSA STRAWN IN SUPPORT OF EX PARTE TRO

I, Melissa Anne Strawn, declare under penalty of perjury that the foregoing is true and correct:

I am the Plaintiff in this action. I respectfully request that the Court issue a temporary restraining order without notice to Defendant Jord Sonneveld. I am genuinely fearful that providing advance notice will place me and my children at immediate risk of harm, as Defendant may attempt to interfere with custody, retaliate, or further harass me. I have not provided him with any notice of this filing, and I request relief under FRCP 65(b)(1)(B).

Executed this 27th day of June, 2025 in Weed, California.

Respectfully submitted,

Dated: June 27, 2025

Melissa Anne Strawn

Pro Se Plaintiff

17311 Henning Ct,

Weed, CA 96094

408-509-2871

formelissasemail@yahoo.com