UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANNE STRAWN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JORD SONNEVELD,<br><br>　　　　　Defendant. | No. 2:25-cv-01809-DAD-DMC (PS)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

　　　　This matter is before the court on an *ex parte* motion for a temporary restraining order filed on June 28, 2025 by plaintiff Melissa Anne Strawn, proceeding *pro se*. (Doc. No. 3.) For the reasons explained below, plaintiff's motion for a temporary restraining order will be denied.

**BACKGROUND**

　　　　On June 28, 2025, plaintiff filed her complaint against defendant Jord Sonneveld. (Doc. No. 1.) In her complaint, plaintiff alleges as follows.

　　　　On June 18, 2025, a King County, Washington state court entered final orders in a dissolution and custody action granting defendant Sonneveld, who had brought that action, sole custody of plaintiff's three minor children and directing the immediate forced sale of plaintiff's California residence. (*Id.* at ¶ 2.) These orders were entered without plaintiff's participation in those proceedings, apparently including a trial, despite the fact that plaintiff was medically

1

1  incapacitated and had submitted multiple requests for continuances supported by evidence. (*Id.*)
2  Defendant Sonneveld's counsel convinced the state trial court that plaintiff was "faking" her
3  medical incapacity. (*Id.*) Defendant obtained the state court final orders through his counsel's
4  fraudulent representations, including false claims regarding defendant's parenting history,
5  financial status and whether he was a confirmed domestic violence perpetrator. (*Id.* at ¶ 3.) The
6  June 18, 2025 state court judgment authorized defendant to enter plaintiff's California residence
7  in violation of an active Domestic Violence Protection Order that had also been issued by a King
8  County, Washington court. (*Id.* at ¶ 4.) That protective order prohibits defendant from coming
9  within 1,000 feet of plaintiff's home. (*Id.*)

10  Based on these allegations, plaintiff asserts the following claims against defendant
11  Sonneveld: (1) deprivation of procedural due process in violation of the Fourteenth Amendment
12  and 42 U.S.C. § 1983; (2) violation of the Violence Against Women Act, 18 U.S.C. § 2265; (3)
13  violation of the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A; (4) violation of the
14  Americans with Disabilities Act, 42 U.S.C. § 12132; and (5) deprivation of property without due
15  process in violation of 42 U.S.C. § 1983. (*Id.* at ¶¶ 22–29.)

16  Plaintiff requests the following relief in her complaint: (1) a temporary restraining order
17  followed by a preliminary injunction prohibiting defendant from enforcing any portion of the
18  June 18, 2025 Washington state court judgment; (2) a declaration that enforcement of the
19  Washington judgment would violate plaintiff's constitutional and statutory rights; (3) an order
20  preserving the status quo pending outcome of state appellate proceedings; and (4) any additional
21  relief this court deems just and proper. (*Id.* at 6.)

22  On June 28, 2025, plaintiff filed the pending *ex parte* motion for temporary restraining
23  order to "enjoin[] Defendant Jord Sonneveld from . . . [e]nforcing any portion of the Washington
24  State final judgment dated June 18, 2025[.]" (Doc. No. 3 at 1.)

25  **LEGAL STANDARD**

26  The standard governing the issuing of a temporary restraining order is "substantially
27  identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v.*
28  *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for

preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**ANALYSIS**

**A.    Likelihood of Success on the Merits**

"The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

3

of those judgments.'" *Davis v. Cal. Dep't of Child Servs.*, No. 2:20-cv-01393-TLN-AC, 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005)), *report and recommendation adopted sub nom. Davis v. Cal. Dep't of Child Support Servs.*, No. 2:20-cv-01393-TLN-AC, 2020 WL 5943974 (E.D. Cal. Oct. 7, 2020). In other words, this federal court lacks jurisdiction over *de facto* appeals of state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 1163. "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." *Id.* at 1158. "As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.*

*De facto* appeals from state child custody judgments are no exception to this rule. *Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013)[1] (finding the federal court's jurisdiction barred by the *Rooker-Feldman* doctrine where the state court judgments in question included a "child custody case"); *see also Davis*, 2020 WL 5039243, at *2 ("Although plaintiff's complaint is cast in terms of federal law violations, it is clear from the content of the complaint and the remedies sought (specifically, return of child support payments made, full custody of his child, and production of his child's mother) that he is essentially contesting the state court judgment regarding his child support and custody obligations. This amounts to a de facto appeal of the state court judgment.").

As noted, the first part of the *de facto* appeal test asks whether "the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court[.]" *Noel*, 341 F.3d at 1163. Here, plaintiff complains of the Washington state court having committed multiple legal errors in the proceedings before it, including that the state court declined to grant plaintiff's requests for continuances based on her disability, granted defendant custody of plaintiff's children

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

based on defendant's fraudulent misrepresentations, and issued an order that conflicts with a prior protective order issued by the state court. (Doc. No. 1 at ¶¶ 2–4.) Even if plaintiff were to establish that defendant Sonneveld somehow caused the state court to err as a matter of law, the first prong of the *de facto* appeal test is still satisfied. *See, e.g.*, *Besoyan v. Sacramento Cnty.*, No. 2:16-cv-00046-KJM-EFB, 2017 WL 1361655 (E.D. Cal. Jan. 27, 2017) (finding that the *Rooker-Feldman* doctrine barred the plaintiff's claims that a state court judgment was void where that judgment was allegedly based on "fraudulent testimony").

The second part of the *de facto* appeal test asks whether "the plaintiff in federal district court . . . seeks relief from the judgment of that [state] court." *Noel*, 341 F.3d at 1163. "To determine whether an action functions as a de facto appeal, we 'pay close attention to the *relief sought by the federal-court plaintiff*.'" *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (citation omitted). Here, plaintiff seeks relief in the form of a temporary restraining order and a preliminary injunction prohibiting defendant from enforcing any portion of the June 18, 2025 Washington state court judgment, a declaration that enforcement of the Washington judgment would violate plaintiff's constitutional and statutory rights, and an order preserving the status quo pending outcome of state appellate proceedings in the Washington action. (Doc. No. 1 at 6.) Plaintiff therefore seeks relief from the judgment entered by the state court. *See Schaupp v. Cnty. of Stanislaus*, No. 1:20-cv-01221-DAD-BAM, 2020 WL 5749194, at *2 (E.D. Cal. Sept. 25, 2020) ("The pending motion broadly seeks to enjoin unspecified defendants from further claimed retaliation against plaintiff Schaupp and to place D.S., L.S., and P.I. in her care—thereby essentially reversing the state court judgment.").

Because plaintiff's suit brought in this federal court is, in its entirety, a forbidden *de facto* appeal from a judicial decision of a state court, this court need not reach the question of whether other issues are inextricably intertwined with an issue resolved by the state court in its judicial decision. *Noel*, 341 F.3d at 1158. The *Rooker-Feldman* doctrine applies to bar the exercise of jurisdiction by this court, *id.* at 1156, and as a result, plaintiff has failed to raise even "serious questions going to the merits[,]" *All. for Wild Rockies*, 632 F.3d at 1131.

/////

**CONCLUSION**

For the reasons explained above, plaintiff's motion for a temporary restraining order (Doc. No. 3) is DENIED.

IT IS SO ORDERED.

Dated: __**July 1, 2025**__                    _Dale A. Drozd_
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

6