IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANN STRAWN, | No. 2:25-CV-01809-DAD-DMC |
| Plaintiff, | |
| v. | ORDER |
| JORD SONNEVELD, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

1

# I. BACKGROUND

## A. Procedural Background

Plaintiff filed this complaint on June 28, 2025, against Defendant Sonneveld. See ECF No. 1. The same day, Plaintiff filed a motion for a temporary restraining order, seeking to prevent Defendant Sonneveld from enforcing the Washington State final judgement dated June 18, 2025, and seeking to preclude enforcement of an existing Washington Domestic Violence protection order. See ECF No. 3. On July 2, 2025, the District Judge denied Plaintiff's motion for a temporary restraining order due to Plaintiff's failure to establish likelihood of success on the merits of her claims, citing Rooker-Feldman abstention. See ECF No. 4.

## B. Plaintiff's Allegations

Plaintiff asserts five causes of action claiming Defendant violated Plaintiff's Fourteenth Amendment rights as to custody of Plaintiff's children, the Violence Against Women Act (18 U.S.C. § 2265), the Parental Kidnapping Prevention Act (28 U.S.C. § 1738A), the Americans with Disabilities Act (42 U.S.C. § 12132), and Plaintiff's Fourteenth Amendment rights as to Plaintiff's home. See ECF No. 1, pgs. 5-6.

According to Plaintiff, the Superior Court of King County, Washington directed the sale of Plaintiff's California home, permitted Defendant to access that home to retrieve his property, and awarded Defendant sole custody of Plaintiff's three children on June 18, 2025. See id. at 1 and 4. Plaintiff contends she was unable to participate in the proceedings leading up to that determination despite informing the Court "she was medically incapacitated with pneumonia and mononucleosis." Id. at 1. Plaintiff attaches a letter from her doctor to support her claim of medical incapacitation. See id. at 9. Plaintiff contends that the June 18, 2025, determination was based on Defendant's "fraudulent representations including false claims regarding his status as a confirmed domestic violence perpetrator, his parenting history, and his financial status." Id. at 2.

Plaintiff asserts that the June 18, 2025, determination as to the sale of Plaintiff's home was issued "in direct violation of an active Domestic Violence Protection Order (DVPO) issued by King County, WA which prohibits Defendant from coming within 1,000 feet of Plaintiff's home.," which was renewed as recently as December 6, 2024. Id. According to

1 | Plaintiff, enforcement of the determination may result in "irreparable harm to Plaintiff and her
2 | children." Id. at 4.

3 |     Plaintiff requests the following relief in her complaint: (1) a preliminary injunction
4 | prohibiting Defendant from enforcing any portion of the June 18, 2025 Washington state court
5 | judgment; (2) a declaration that enforcement of the Washington judgment would violate
6 | Plaintiff's constitutional and statutory rights; (3) an order preserving the status quo pending
7 | outcome of state appellate proceedings; and (4) any additional relief this court deems just and
8 | proper. Id. at 6.

## II.  DISCUSSION

The majority of Plaintiff's claims allege legal error by the state court and seek a de facto appeal from the state court judgment and therefore, jurisdiction over such claims is barred under Rooker-Feldman abstention. However, jurisdiction over Plaintiff's claim that Defendant presented fraudulent testimony to the state court may not be barred under Rooker-Feldman if such claim was not raised and decided on the merits at the state court. Thus, the Court will provide leave to amend as to the claim of fraudulent testimony for Plaintiff to establish whether such claims were raised to the state court.

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).  For jurisdiction to be barred under Rooker-Feldman abstention, the plaintiff must be both seeking relief from state court judgment and "allege[] a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); see also Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) ("Rooker-Feldman thus applies only when the federal plaintiff both asserts as her legal error or errors by the state court and seeks as her remedy relief

3

from the state court judgment.").

Here, Plaintiff alleges the King County court committed multiple legal errors during the proceedings, including denying Plaintiff's requests for continuances, issuing a decision based on false testimony, and issuing a decision in direct conflict with a prior protective order. See id. at 2-4. As to the claims of denying Plaintiff's requests for continuances and issuing a decision in conflict with a prior protective order, such claims allege legal error, satisfying the first requirement for Rooker-Feldman abstention.

Plaintiff additionally alleges the June 18, 2025, determination relied on false testimony by Defendant. See id. at 2. If a claim of extrinsic fraud was raised at the state court proceedings and the merits were addressed in such proceedings, Rooker-Feldman bars subsequent adjudication by the federal courts. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 860 (9th Cir. 2008). Thus, Plaintiff's claim is barred if Plaintiff raised the issue of Defendant's extrinsic fraud to the state court and now seeks to challenge the state court's decision on that matter. See id.[1] However, Plaintiff's complaint does not explicitly assert whether the state court addressed Plaintiff's claim of extrinsic fraud. See ECF No. 1. It is possible that the state court did not address the merits of Plaintiffs' allegation of extrinsic fraud, in which case, Rooker-Feldman abstention may not apply. Given this ambiguity, the Court will provide Plaintiff with leave to amend as to the allegation of extrinsic fraud.

Plaintiff seeks relief from the state court judgment, the exact relief which invokes Rooker-Feldman abstention. Plaintiff's claims of denying Plaintiff's requests for continuances and issuing a decision in conflict with a prior protective order both allege legal error, and Plaintiff seeks relief from the state court determination. Thus, jurisdiction over such claims is barred under

---

[1] On this issue, the District Judge cited Besoyan v. Sacramento Cnty., No. 2:16-cv-00046-KJM-EFB, 2017 WL 1361655 (E.D. Cal. Jan. 27, 2017), which found jurisdiction over a claim arising from an allegation of "fraudulent testimony" was barred under Rooker-Feldman. See ECF No. 4, pg. 5. But see Kougasian, 359 F.3d at 1140-41 (holding that "a plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party . . . . Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud.").

4

Rooker-Feldman.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

///

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 7, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE